AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | | |
|---|---|---|
| JAMES OWENS, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 01-2244, 08-1377, 10-356 (JDB) |
| REPUBLIC OF SUDAN, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Office of Chief Counsel (Foreign Assets Control), Attn: Andrew Winerman, United States Department of Treasury, 1500 Pennsylvania Avenue, N.W., Washington, D.C. 20220

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All Documents specified in the attached Schedule A, according to the definitions and instructions stated therein.

| Place: Gibson, Dunn & Crutcher LLP (attention Noah P. Sullivan), 1050 Connecticut Avenue, N.W. Washington, D.C. 20036 | Date and Time: 07/08/2019 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 6/20/19

*CLERK OF COURT*    OR    [signature]

_____    _____
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
JAMES OWENS, et al._____ , who issues or requests this subpoena, are:
Noah P. Sullivan, 1050 Connecticut Ave., N.W., Washington, D.C., 20036, NSullivan@gibsondunn.com, (202) 887-3727

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 01-2244, 08-1377, 10-356 (JDB)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Office of Foreign Assets Control
on *(date)*                 .

☑ I served the subpoena by delivering a copy to the named person as follows:  

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because:  _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A:

### Definitions

1. **"Sudan"** means the Republic of Sudan, as well as any political subdivision, Agency or Instrumentality of Sudan, predecessor state, successor state, assign, representative, or alter ego, and all other Persons acting or purporting to act on behalf of or for the benefit of Sudan. For the avoidance of any doubt, this Includes any entity designated by OFAC meeting the definition of the Government of Sudan, 31 C.F.R. 538.305(a) or (b) prior to October 12, 2017, Including all such entities identified on the SDN List with the identifier "[SUDAN]."

2. **"Iran"** means the Islamic Republic of Iran, as well as any political subdivision, Agency or Instrumentality of Iran, predecessor state, successor state, assign, representative, or alter-ego, and all other Persons acting or purporting to act on behalf of or for the benefit of Iran. For the avoidance of any doubt, this Includes all entities identified by OFAC as meeting the definition provided for the Government of Iran in 31 C.F.R. 560.304, Including all entities identified on the SDN List with the identifier "[IRAN]."

3. **"Agency or Instrumentality of Sudan"** means any entity which is a separate legal Person, corporate or otherwise, and which is an organ of Sudan or a political subdivision thereof, or a majority of whose shares or other ownership interest is owned by Sudan or any political subdivision thereof, and which is neither a citizen of a State of the United States, nor created under the laws of any third country. An Agency or Instrumentality of Sudan Includes Sudan National Petroleum Corporation ("SUDAPET"), Sudan Telecommunication Co. ("SUDATEL"), the Agricultural Bank of Sudan ("ABS"), Sudan Airways, Sudan Airports Holding Company, the Central Bank of Sudan, Sudan Railways Corporation, Sudanese Electricity Distribution Company Ltd., Merawi Dam Electricity Company Ltd., Sudanese Hydro

Generation Company Ltd., Sudanese Thermal Generation Company Ltd., Sudanese Electricity Transmission Company Ltd. ("SETCO"), Sudanese Sugar Co. Ltd, and any entity designated by OFAC meeting the definition of the Government of Sudan, 31 C.F.R. 538.305(a) or (b) prior to October 12, 2017, Including all such entities identified on the SDN List with the identifier "[SUDAN]."

    4.    **"Agency or Instrumentality of Iran"** means any entity which is a separate legal Person, corporate or otherwise, and which is an organ of Iran or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by Iran or a political subdivision thereof, and which is neither a citizen of a State of the United States, nor created under the laws of any third country.  An Agency or Instrumentality of Iran Includes the Central Bank of Iran (Bank Markazi Iran), the National Iranian Oil Company ("NIOC"), and the Naftiran Intertrade Company ("NICO"), Iran Air, and all entities identified by OFAC as meeting the definition provided for the Government of Iran in 31 C.F.R. 560.304(a) or (b), Including all such entities identified on the SDN List with the identifier "[IRAN]."

    5.    The terms **"Document," "Document(s),"** and **"Documentation"** (hereinafter referred to as "Document(s)") shall mean all originals, all drafts, and any and each copy bearing notations or marks not found on the original or draft, of any written, recorded, or graphic matter, however produced or reproduced, Including records relating to litigation, records relating to threats of claims, any typed or printed matter, microfilm, photographs, pictures and films, maps, correspondence, letters, faxes, interoffice communications, licenses, permits, diaries, calendars, memoranda, insurance policies, contracts or agreements, checks, statements of account, receipts, summaries, indices, data sheets, notes, papers, files, assignments, books, records, messages, reports, tables, graphs, computer printouts, tape recordings, transcripts, charts, logs, accounts,

ledgers, studies, manuals, appraisals, consultant's or expert's reports, exhibits, notices, instructions, minutes, purchase orders, financial records, statements, bills, accounting records, tax records, accounting or tax worksheets, magnetic tapes, and any other data compilations from which information can be obtained or translated.  The term "Document(s)" also Includes all electronic media on which responsive information is stored or recorded, Including all computer databases, indices, computers, backup storage media, cloud-based storage, CD-ROMs, DVDs, e-mails, text messages, instant messages (IMs), word processing documents, computer spreadsheets, graphic files, data compilations, voicemails, magnetic media, tapes, optical disks, hard drives, removable storage devices, and floppy disks.  The term "Document(s)" further Includes all copies of Documents where the copy is not identical to the original.  A request for "Document(s)" is a request for any and all Documents within the category described.

6. The term **"Electronic Data"** is synonymous with the term **"Electronically Stored Information"** or **"ESI."**  Electronic Data Includes computer programs (whether private, commercial, or work in progress), programming notes and instructions, activity listings of email transmittals and receipts, output resulting from the use of any software program (Including word processing documents, spreadsheets, database files, charts, graphs, PowerPoints, and outlines), electronic mail, text messages, instant messages (IMs), and any and all miscellaneous files and file fragments, regardless of the media on which they reside and regardless of whether said electronic data exist in an active file, deleted file, or file fragment.  Electronic Data Includes any and all items stored on computer memories, cloud-based storage, hard disks, diskettes and cartridges, network drives, network memory storage, archived tapes and cartridges, floppy disks, CD-ROMs, removable media, magnetic tapes of all types, microfiche, and any other media used

for digital data storage or transmittal. Electronic Data also Includes the file, folder tabs, and containers and labels appended to or associated with each original and non-identical copy.

    7.    **"Includes"** or **"Including"** means "including without limitation" and "including but not limited to."

    8.    **"Iran Sanctions Program"** refers to Executive Order 13,599, effective February 6, 2012, titled "Blocking Property of the Government of Iran and Iranian Financial Institutions," and to 31 C.F.R. part 560, titled "Iranian Transactions And Sanctions Regulations," effective October 22, 2012.

    9.    **"License"** or **"OFAC License"** means any general or specific authorization from OFAC to engage in a transaction with a Person, defined *infra*, that would otherwise be prohibited under U.S. law or regulations.

    10.    **"OFAC"** means the Office of Foreign Assets Control (OFAC) of the United States Department of Treasury.

    11.    **"Person"** means any natural person, or any business, legal, or governmental entity or association.

    12.    **"SDN List"** refers to OFAC's Specially Designated Nationals and Blocked Persons List, 15 C.F.R. Part 764, Supplement 3.

    13.    **"Sudan Sanctions Program"** refers to Executive Order 13,067 of November 3, 1997, titled "Blocking Sudanese Government Property and Prohibiting Transactions with Sudan," and 31 C.F.R. part 538, titled "Sudanese Sanctions Regulations," which was removed from the Code of Federal Regulations effective June 28, 2018.

**Instructions**

1. This subpoena is being served upon the Secretary of Treasury pursuant to 31 C.F.R. § 1.11 and 28 U.S.C. § 1610(f)(2)(A) which provides that:

> At the request of any party in whose favor a judgment has been issued with respect to a claim for which the foreign state is not immune under section 1605(a)(7) (as in effect before the enactment of section 1605A) or section 1605A, the Secretary of the Treasury and the Secretary of State should make every effort to fully, promptly, and effectively assist any judgment creditor or any court that has issued any such judgment in identifying, locating, and executing against the property of that foreign state or any agency or instrumentality of such state.

28 U.S.C. § 1610(f)(2)(A).

2. In producing responsive Documents, You should furnish all Documents in Your possession, custody, or control, regardless of whether such Documents are possessed directly by You or Your agents, employees, or representatives, or by Your attorneys or their agents, employees, representatives, or investigators. A Document is deemed in Your actual or constructive possession, custody, or control if it is in Your physical custody or if it is in the physical custody of any other Person and You (i) own such Document in whole or in part; (ii) have a right, by control, contract, statute, order, or otherwise to use, inspect, examine, or copy such Document on any terms; (iii) have an understanding, express or implied, that You may use, inspect, examine, or copy such Documents upon any terms; or (iv) have, as a practical matter, been able to use, inspect, examine, or copy such Document when You sought to do so.

3. Each of these Document requests requires production in full, without abbreviation, redaction, or expurgation, of any responsive Documents. If any responsive Document is not or cannot be produced in full, produce it to the extent possible, indicating which Document or portion of that Document is being withheld and the reason(s) it is being withheld.

4.  Documents referred to herein shall Include all portions or pages of each Document referred to and all attachments, enclosures, appendices, and supporting documentation, Including originals, copies, drafts, working papers, routing slips, handwritten notes, and similar materials (with or without notes or changes therein).  All Documents that are physically attached to each other when located for production shall be left so attached when produced.  Documents that are segregated or separated from other Documents, whether by inclusion in binders, files, or subfiles, or by use of dividers, tabs, or any other method, shall be left so segregated or separated when produced.  Documents shall be produced in the order in which they were maintained and in the files in which they were found.

5.  With respect to ESI:

    a)  ESI shall be produced on readily accessible electronic media, Including CD-ROMs, DVDs, external hard drives (with standard PC-compatible interface), or such other media as may be agreed upon ("Production Media").  A unique identifying label shall be affixed to each piece of Production Media, which identifies the date of the production and the sequence of the material in that production.  All Production Media shall be properly packaged to ensure safe shipping and handling.

    b)  All word processing documents (such as, but not limited to, MS Word and Corel WordPerfect files), presentations (such as, but not limited to, PowerPoint files), and spreadsheets (such as, but not limited to, MS Excel files) responsive to these Document requests that are maintained in electronic format shall be produced in their native format along with the software necessary to interpret such files if such software is not readily

available. A single Bates-numbered TIFF placeholder shall be provided for any data provided in native format. The TIFF placeholder shall state: "This document produced in native format, per plaintiffs' request."

c) All other Documents responsive to these Document requests that are maintained in electronic format shall be produced as properly unitized, multipage Group IV TIFF image files of at least 300 dpi, with page breaks at document end. You will produce color documents in color whenever possible. These image files will be produced complete with full text extracts and all associated metadata. The TIFF production shall be Bates numbered and shall Include accompanying load files and available metadata.

d) All Document productions will be provided with Relativity image and data load files as outlined in this Schedule A. Each image load file must reference each TIFF file in the corresponding production, and the total number of TIFF files referenced in the load file must match the total number of image files in the production. The total number of Documents referenced in a production's data load file should match the total number of designated document breaks in the corresponding image load file for that production.

e) Each TIFF image produced must be assigned a Bates number that must always: (1) be unique across the entire document production; (2) maintain a constant length of seven numeric digits (Including 0-padding) across the entire production; (3) contain only alphanumeric characters, no special characters or embedded spaces; and (4) be sequential within a given Document. All TIFF images must be branded with the corresponding Bates

      number, using a consistent font type and size.  Reasonable efforts will be taken to avoid obscuring any part of the underlying image with the Bates number.

f) All Documents responsive to these Document requests shall be produced with the following metadata fields normally contained within such Documents, regardless of whether the fields may be populated automatically from the native file or created using an automated process: (1) Begin Bates, (2) End Bates, (3) Begin Attachment, (4) End Attachment, (5) Native File Link (for ESI only), and (6) Custodian.  In addition, the following metadata shall be produced concerning emails: (1) Date Sent, (2) To, (3) From, (4) CC, (5) BCC, (6) Subject, and (7) Full Text.  For all other ESI, the following additional metadata shall also be produced: (1) File Name, (2) File Extension, and (3) Full Text.  If this metadata is not available, each Document shall be accompanied by a listing of all file properties relating to such Document, Including all information relating to the date(s) the Document was last accessed, created, modified, or distributed, and the author(s) and recipient(s) of the Document.  Emails with attachment(s) will be produced with the email serving as the first Bates numbered Document in the series followed by each of the attachments thereto, accompanied by metadata fields such as those identifying the beginning and ending Bates number for the email, and beginning and ending Bates number for the attachment family.

      g) Under no circumstances should ESI be converted from the form in which it is ordinarily maintained to a different form that makes it more difficult or burdensome to use.  ESI should not be produced in a form that removes or significantly degrades the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means.  ESI shall be processed, to the extent practicable, in a manner that preserves hidden columns or rows, hidden text or worksheets, speaker notes, tracked changes, and comments.  Databases or underlying data should not be produced without first discussing production format issues with Plaintiffs' counsel.

6. Documents shall be produced as they are kept in the usual course of business or organized and labeled to correspond to the categories in this request.  All hard copy Documents shall be produced maintaining any file folder, envelope, or other container in which the Documents are kept or maintained by You.  If, for any reason, the container cannot be produced, produce copies of all labels or other identifying marks.

      a) Optical Character Recognition ("OCR") shall also be generated for all hard copy documents, providing the text file in searchable format.

7. In producing Documents, You are requested to produce each Document requested together with all non-identical copies and drafts of that Document.  If the original of any Document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

8. The specifications of these Document requests are to be construed as being inclusive rather than exclusive.  Thus, words importing the singular include the plural; words

importing the plural include the singular; words importing one gender include both genders; the words "and" and "or" are to be construed conjunctively or disjunctively as necessary to make the document request inclusive; the word "all" means "any and all" and the word "any" means "any and all."

9. Unless otherwise noted, the time period covered by these requests is January 1, 2015, through and Including the date on which You produce Documents responsive to this subpoena.

## Documents You Are Required To Produce Related to Sudan

1. Documents sufficient to show the names and addresses of all banks or financial institutions that had reported (i) blocked assets relating to Sudan or any person listed on OFAC's SDN List pursuant to 31 C.F.R. Part 538 (the "SSR"), as of January 13, 2017, and the total value of such assets reported by each institution, rounded to the nearest $100,000, and (ii) transactions rejected pursuant to the SSR between January 1, 2015 and January 13, 2017, and the total value of such transactions reported by each institution, rounded to the nearest $100,000.

2. Documents sufficient to show all specific licenses issued by OFAC to any Person after June 1, 2014 pursuant to the now-removed Sudan Sanctions Regulations, 31 C.F.R. Part 538.

## Documents You Are Required To Produce Related to Iran

1. Documents sufficient to show the names and addresses of all banks or financial institutions that have reported (i) blocked assets with a nexus to the Government of Iran as of May 14, 2019, and the total of such assets or transactions reported by each institution, rounded to the nearest $1,000, and (ii) transactions rejected pursuant to 31 C.F.R. Part 560 between January

1, 2015 and April 15, 2019, and the total value of such transactions reported by each institution, rounded to the nearest $1,000.

    2.       Documents sufficient to show all specific licenses issued by OFAC after June 1, 2014 pursuant to the Iranian Transactions and Sanctions Regulations, 31 C.F.R. Part 560.